IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:11-CT-3076-F

| | |
|---|---|
| FOREST L. FATE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | ORDER |
| ) | |
| SPO Jr. REYNOLDS, *et al.*, ) | |
| ) | |
| Defendants. ) | |

On April 21, 2011, Forest L. Fate ("Fate" or "plaintiff"), proceeding *pro se*, filed this action against defendants alleging violations of his constitutional rights pursuant to 42 U.S.C. § 1983. [DE-1]. At the time of his original filing, plaintiff was an inmate in the custody of the State of New York, although he has since been released. [DE-25].

In his complaint, plaintiff named, *inter alia*, SPO Jr. Reynolds, and listed defendant Reynolds' address as: "P.O. Box 1180 Rock MT, N.C. 27802". [DE-1] p. 3. On October 28, 2011, the court entered an order: 1) dismissing two of the named defendants; 2) allowing plaintiff's claims against defendants Reynolds and John Doe to proceed; 3) instructing plaintiff to particularize his allegation that staff at the Nash County Detention Facility violated his constitutional rights with respect to their treatment of his medical condition; and 4) directing the Nash County Attorney to provide certain information regarding the John Doe defendant. [DE-8].

On November 16, 2011, the Nash County Attorney responded to the court's order and provided the name and last known address of the John Doe defendant, Harold Leo Gamble. Plaintiff filed his particularized statement on November 28, 2011, [DE-11]. This particularized statement was

deemed sufficient to survive frivolity review on June 4, 2012, and the court directed the Nash County Attorney to provide the "names and last known addresses of those officers and medical personnel described in plaintiff's particularized allegations." [DE-12] p. 2. Furthermore, the court instructed the Clerk to commence service of process of the complaint on defendants Reynolds and Gamble. *Id.*

The Clerk issued summonses for defendants Reynolds and Gamble on June 5, 2012. [DE-13]. On June 22, 2012, the United States Marshals Service filed a return of service on defendant Reynolds, indicating that Reynolds was served by certified mail. [DE-15]. Defendant Reynolds was served at the address provided by plaintiff in his complaint. Conversely, the summonses issued to defendant Gamble were returned unexecuted on June 21, 2012 and June 22, 2012. [DE's-16, 20].

On June 27, 2012, the Nash County Attorney filed a sealed affidavit stating that "it is impossible to determine which Nash County Detention Facility staff employee the plaintiff may have complained to, if any." [DE-21] p. 1. However, at the time plaintiff was incarcerated in the Nash County Detention Facility, all medical services and inmate health care were provided by an independent contractor, Southern Health Partners of Chattanooga, Tennessee ("Southern Health"). *Id.* at 2. Plaintiff received medical treatment from three nurses employed by Southern Health: Candi Cox, Shirley Whitaker, and David Watkins. *Id.* at 2-3. The Nash County Attorney provided an address under seal for Shirley Whitaker, but he was unable to locate any address for Ms. Cox or Mr. Watkins. *Id.* at 3. Although the Nash County Attorney stated that his "staff is continuing to attempt to locate an address for these individuals", no update has been provided for the court in over a year. Based on these representations, the Clerk is DIRECTED to add Candi Cox, Shirley Whitaker, and David Watkins as defendants to this action and to commence service of process of the complaint

2

upon Defendant Whitaker. *See*, Smith v. Atkins, 777 F. Supp. 2d 955, 968 (E.D.N.C. 2011)(applying deliberate indifference standard to 42 U.S.C. § 1983 claim against a Southern Health employee). Regarding Ms. Cox and Mr. Watkins, the Nash County Attorney is ORDERED to file under seal an update of his attempts to locate their addresses no later than July 29, 2013.

No defendant has answered the complaint. On January 3, 2013, plaintiff filed a motion for default judgment, arguing "180 days [have] expired and the defendants [have] been given more than the law requires in time to answer [the] complaint." [DE-23]. It does not appear that any attempt was made, either by plaintiff or this court, to serve this motion upon defendants. *Id.*

Given this rather tortuous procedural posture, plaintiff's motion for default judgment [DE-23] is DENIED WITHOUT PREJUDICE. Nonetheless, defendant Reynolds' time for answering the complaint has expired. See Fed. R. Civ. P. 12(a)(1)(A)(i). Therefore, the court DIRECTS defendant Reynolds to show cause why the court should not enter default against him, *sua sponte*. See Fed. R. Civ. P. 55(a). Defendant Reynolds shall file a response to this order no later than August 22, 2012. The clerk is DIRECTED to send a copy of this order to defendant Reynolds at his address of record, and to the Nash County Attorney.

Finally, defendant Gamble still has not been served with plaintiff's complaint despite this court's best efforts. Proper service of process (or waiver of service under Federal Rule of Civil Procedure 4(d)) is necessary for the court to exercise personal jurisdiction over a defendant. See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc., 526 U.S. 344, 350 (1999). Under Federal Rule of Civil Procedure 4(m), "[i]f a defendant is not served within 120 days after the complaint is filed, the court . . . must dismiss the action without prejudice against that defendant or order that service be made within a specified time," unless the plaintiff can show good cause. Fed. R. Civ. P. 4(m).

"Rule 4(m) requires the district court to 'extend the time for service to an appropriate period' if there is 'good cause' for not serving the defendant 'within 120 days after the complaint is filed.'" Robinson v. Clipse, 602 F.3d 605, 608 (4th Cir. 2010) (quoting Fed. R. Civ. P. 4(m)). Moreover, 28 U.S.C. § 1915(d) "specifically vests the responsibility for service with the court and its officers." Hayes v. Phillips, 2013 WL 2488945, at * 7 (E.D.N.C. June 10, 2013)(quoting Jones v. Hashagen, 419 F. App'x 141, 145 (3d Cir. 2011) (per curiam) (unpublished)). Here, the court has fully discharged its duties under 28 U.S.C. § 1915(d). See, Phillips v. Basu, 5:10-CT-3069-D, [DE-101]. As noted, the court attempted to obtain Gamble's address for service on behalf of plaintiff, and was unable to do so.

Therefore, the court DIRECTS plaintiff to show good cause why defendant Gamble should not be dismissed without prejudice pursuant to Federal Rule of Civil Procedure 4(m). The court informs plaintiff that, given the court's prior attempts to make service on his behalf, his status as a *pro se* litigant will not satisfy good cause. Plaintiff shall file his response on or before August 22, 2013, and is hereby WARNED that if he fails to show good cause, the court will dismiss defendant Gamble without prejudice. See Tann v. Fisher, 276 F.R.D. 190, 195–96 (D. Md. 2011), aff'd, No. 11-2007, 2011 WL 6318570 (4th Cir. Dec. 19, 2011) (per curiam) (unpublished).

In conclusion: 1) the Clerk is DIRECTED to add Candi Cox, Shirley Whitaker, and David Watkins as defendants to this action and to commence service of process of the complaint upon Defendant Whitaker; 2) the Nash County Attorney is ORDERED to file under seal an update of his attempts to locate the addresses of Ms. Cox and Mr. Watkins no later than July 29, 2013; 3) plaintiff's motion for default judgment [DE-23] is DENIED WITHOUT PREJUDICE; 4) defendant Reynolds is DIRECTED to show cause why default judgment should not be entered against him no

4

later than August 22, 2013; and 5) plaintiff is DIRECTED to show cause why his claim against defendant Gamble should not be dismissed without prejudice no later than August 22, 2013.

SO ORDERED. This the 19th day of July, 2013.

*James C. Fox*
JAMES C. FOX
Senior United States District Judge