IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:11-CT-3076-F

| | | |
|---|---|---|
| FOREST L. FATE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| SPO Jr. REYNOLDS, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the court upon several motions filed by Plaintiff [DE-58, 60, 61, 62], including a motion for reconsideration [DE-58]. For the following reasons, Plaintiff's motions are DENIED.

Plaintiff filed this action pursuant to 42 U.S.C. § 1983 on April 21, 2011. Compl. [DE-1]. In an order filed on August 18, 2014 [DE-55], the court noted that Defendant Reynolds[1] was in default, and Plaintiff was directed "to file a motion for default judgment no later than September 5, 2014." Plaintiff was also notified that, if he failed to file said motion, his claims against Defendant Reynolds would be dismissed without prejudice. Id. No motion for default judgment was filed, and, on September 11, 2014, Plaintiff's remaining claims were dismissed without prejudice [DE-56]. On or about October 7, 2014, Plaintiff filed the instant motion for reconsideration [DE-58].

The Federal Rules of Civil Procedure do not expressly recognize "motions for reconsideration." Instead, Rule 59(e) authorizes a district court to alter, amend, or vacate a prior

---

[1] All other Defendants in this action have been dismissed from the case. August 18, 2014 Order [DE-55], pp. 1-3.

judgment, and Rule 60 provides for relief from judgment. See Katyle v. Penn Nat'l Gaming, Inc., 637 F.3d 462, 471 n.4 (4th Cir. 2011). A motion to alter or amend filed within 28 days of the judgment is analyzed under Rule 59(e); if the motion is filed later, Rule 60(b) controls. See Fed. R. Civ .P. 59(e); MLC Auto., LLC v. Town of S. Pines, 532 F.3d 269, 280 (4th Cir. 2008); In re Burnley, 988 F.2d 1, 2-3 (4th Cir. 1992); Bell v. United States, No. CIV.A RDB-11-1086, 2015 WL 433604, at *1 (D. Md. Feb. 2, 2015). Because Plaintiff filed the instant motion within 28 days of the judgment, it shall be analyzed under Rule 59.

Rule 59(e) of the Federal Rules of Civil Procedure permits a court to alter or amend a judgment. See Fed. R. Civ. P. 59(e). The decision to alter or amend a judgment pursuant to Rule 59(e) is within the sound discretion of the district court. See, e.g., Dennis v. Columbia Colleton Med. Ctr., Inc., 290 F.3d 639, 653 (4th Cir. 2002); Hughes v. Bedsole, 48 F.3d 1376, 1382 (4th Cir. 1995). The Fourth Circuit has recognized three reasons for granting a motion to alter or amend a judgment under Rule 59(e): "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available [previously]; or (3) to correct a clear error of law or prevent manifest injustice." Zinkand v. Brown, 478 F.3d 634, 637 (4th Cir. 2007) (quotations omitted); see also Bogart v. Chapell, 396 F.3d 548, 555 (4th Cir. 2005); Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co., 148 F.3d 396, 403 (4th Cir. 1998). However, a Rule 59(e) motion "may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to entry of judgment." Pacific Insurance, 148 F.3d at 403. Rather, amending or altering a judgment is an extraordinary remedy that should be applied sparingly. EEOC v. Lockheed Martin Corp., 116 F.3d 110, 112 (4th Cir. 1997).

Because he does not identify a change in the controlling law or previously unavailable

evidence, Plaintiff presumably seeks to correct a clear error of law or prevent manifest injustice. Where a party seeks reconsideration on the basis of manifest error, the earlier decision cannot be "just maybe or probably wrong; it must . . . strike us as wrong with the force of a five-week old, unrefrigerated dead fish." TFWS, Inc. v. Franchot, 572 F.3d 186, 194 (4th Cir. 2009) (quoting Bellsouth Telesensor v. Info. Sys. & Networks Corp., Nos. 92–2355, 92–2437, 1995 WL 520978 at *5 n.6 (4th Cir. Sept. 5, 1995)).

Here, Plaintiff notes that he did not receive any notices from the court because he has "been back in prison since July 24, 2014." Mot. [DE-58], p. 1. This allegation does not demonstrate that the dismissal of Plaintiff's claims was manifestly unjust. On the contrary, Plaintiff's argument provides an alternate basis upon which his claims could be dismissed. Plaintiff did not notify the court of his July 24, 2014 change of address until October 2, 2014 [DE-57]. However, all attorneys and pro se parties must notify the court in writing of any change of address. *See* Local Civil Rule 83.3. The Local Civil Rules of this court state that failure to comply with this requirement may result in dismissal of the action. Id. Accordingly, Plaintiff's argument fails to satisfy the standard established in Rule 59(e), and his motion for reconsideration [DE-58] is DENIED. In light of the denial of his motion for reconsideration, Plaintiff's remaining motions [DE-60, 61, 62] are DENIED AS MOOT.

SO ORDERED. This the 1 day of June, 2015.

*James C. Fox*
JAMES C. FOX
Senior United States District Judge

3